

# NUMBER 13-18-00210-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                          Appellant,

v.

REYNALDO MARTINEZ JR.,                                                      Appellee.

### On appeal from the County Court at Law No. 2
### of Victoria County, Texas.

# MEMORANDUM OPINION
### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Benavides

By five issues, which we address as two, appellant, the State argues the trial court erred by granting a motion to dismiss with prejudice in favor of appellee Reynaldo Martinez, Jr.  The State alleges the trial court incorrectly found a speedy trial violation. We affirm.

## I.    BACKGROUND

Martinez was charged by complaint for theft of property, a class A misdemeanor, on June 28, 2016.    *See* TEX. PENAL CODE ANN. § 31.03(e)(3).    On January 18, 2017, the State dismissed the complaint stating there "appeared to be a mistake of fact."    On March 8, 2017, the State refiled the complaint for theft.    *See id.*

At a pre-trial hearing on March 20, 2018, both sides announced ready for trial.    On March 26, 2018, the day the trial was set to commence, the State announced not ready for trial and indicated it would be dismissing the complaint due to a defect in the charging language.    The State notified the trial court that it would re-file charges against Martinez for theft.    *See id.*    Following the State's announcement, Martinez made an oral objection and asked that the dismissal be with prejudice.    Martinez alleged that the State had failed to turn over exculpatory evidence[1] and had violated his right to a speedy trial.    The trial court heard arguments from both Martinez and the State, asked for supplemental briefing, and took the case under advisement.    On April 11, 2018, the trial court sustained Martinez's objection and dismissed the case with prejudice.    The order of dismissal included the following findings:

> That the Defendant asserted his right to a speedy trial, the delay before the setting of another trial would be uncommonly long after a refiling of this cause, the State is more to blame for the delay, and the Defendant would suffer prejudice as the delay's result;
>
> That the Defendant's Constitutional rights would be violated including, but not limited to, his right to a speedy trial under the Sixth Amendment of the

---

[1]    On appeal, the State raised two issues regarding an alleged *Brady* violation as argued in the trial court.    *See Brady v. Maryland*, 373 U.S. 83, 87 (1963).    Martinez's appellate counsel agrees in his brief that there was no *Brady* violation as the case had not yet gone to trial.    Therefore, we need not address the State's issues two, three, and four as they are not dispositive.    *See* TEX. R. APP. P. 47.1; *see generally* TEX. CODE CRIM. PROC. ANN. art. 39.14.

Constitution of the United States, due process rights and due course of law rights;

That the Defendant would further suffer harm as a result of multiple arrests and further proceedings.

The State appealed.[2]

## II. SPEEDY TRIAL VIOLATION

By its first and fifth issue, the State argues the trial court committed error by finding Martinez's right to a speedy trial had been violated and by dismissing his case with prejudice.

### A. Standard of Review and Applicable Law

"The Sixth Amendment of the United States Constitution, made applicable to the States through the Fourteenth Amendment, guarantees a speedy trial to an accused." *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014). In "determining whether an accused has been denied his right to a speedy trial, a court must use a balancing test 'in which the conduct of both the prosecution and the defendant are weighed.'" *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). The factors to be weighed include, but are not necessarily limited to, the length of the delay, the reason for the delay, the defendant's assertion of his speedy trial right, and the prejudice to the defendant resulting from the delay. *Id.* No single factor is necessary or sufficient to establish a violation of the right to a speedy trial. *Id.* However, if the defendant can make a threshold holding that the interval between accusation and trial is "presumptively prejudicial," then a court must

---

[2] The State's right to appeal certain situations, including the dismissal of an indictment, is found in the Texas Code of Criminal Procedure article 44.01. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01.

consider each of the remaining *Barker* factors and weigh them. *Balderas v. State*, 517 S.W.3d 756, 767 (Tex. Crim. App. 2016).

When reviewing the trial court's application of the *Barker* test, we give almost total deference to the trial court's historical findings of fact that the record supports, and we draw reasonable inferences from those facts necessary to support the trial court's findings. *Id*. at 767–68. Review of the individual *Barker* factors necessarily involves fact determinations and legal conclusions, but the balancing test as a whole is a purely legal question that we review *de novo*. *Id*. at 768. However, "although a reviewing court may be required to accord great deference to the ruling of a trial court granting a mistrial, that trial court's ruling is not insulated from appellate review." *Pierson v. State*, 426 S.W.3d 763, 774 (Tex. Crim. App. 2014). If a violation of the speedy trial right is established, the only possible remedy is dismissal of the prosecution. *Dragoo*, 96 S.W.3d at 313.

**B.     Discussion**

**1.     Length of the Delay**

The first *Barker* factor, the length of the delay, is measured from the time the defendant is arrested or formally charged. *Id*. The length of the delay is, to some extent, a triggering mechanism, so that a speedy trial claim will not even be heard until passage of a period of time that is, on its face, unreasonable in the circumstances. *Id*. (citing *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)). "If the 'accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.'" *Id*. at 314 (quoting *Doggett*, 505 U.S. at 652). In general,

4

courts deem a delay approaching one year to be "unreasonable enough to trigger the *Barker* [i]nquiry." *Doggett*, 505 U.S. at 652. Any speedy trial analysis depends first upon whether the delay is more than "ordinary,"; if so, the longer the delay beyond what is ordinary, the more prejudicial that delay is to the defendant. *Zamorano v. State*, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002) (en banc).

Although the underlying offense occurred on December 12, 2015, Martinez was arrested on that day for public intoxication, not theft of property. *See* TEX. PENAL CODE ANN. §§ 31.03, 49.02. The State's first criminal complaint was signed on June 28, 2016, and Martinez was arrested for theft for the first time on June 29, 2016. The date of the State's second motion to dismiss was March 26, 2018. A period of twenty-one months is beyond the one-year standard that is considered "unreasonable enough to trigger the *Barker*" analysis. *See Dragoo*, 96 S.W.3d at 314. This factor weighs heavily in favor of finding a violation of speedy trial. *See id.*

### 2. Reason for the Delay

When looking at the second *Barker* factor, the trial court must consider whether the justification given by the State means that "different weights should be assigned to different reasons." *Barker*, 407 U.S. at 531; *see Dragoo*, 96 S.W.3d at 314. Some reasons are valid and "serve to justify appropriate delay." *Barker*, 407 U.S. at 531. We consider "whether the government or the criminal defendant is more to blame for th[e] delay." *Balderas*, 517 S.W.3d at 768 (quoting *Doggett*, 505 U.S. at 651). Deliberate delay intended to "hamper the defense" weighs heavily against the State, while more neutral reasons, such as negligence or overcrowded courts, weigh less heavily. *Id.*

(quoting *Vermont v. Brillon*, 556 U.S. 81, 90 (2009)). Delay caused by either the defendant or his counsel weighs against the defendant. *Id.* "In the absence of an assigned reason for the delay, a court may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay." *Dragoo*, 96 S.W.3d at 314.

The State filed its first complaint against Martinez on June 30, 2016. There was a pre-trial hearing in November 2016 that was cancelled because defense counsel was unavailable. The first court hearing was on January 18, 2017, where the State filed its first motion to dismiss. The State filed its second complaint on March 3, 2017. At a hearing on June 10, 2017, the trial court reset the case for December 5, 2017. On December 5, 2017, the trial court again reset Martinez's case, at the request of his counsel, for March 20, 2018. On March 20, 2018, both sides were present and announced ready for trial. On March 26, 2018, the State presented the trial court with its motion to dismiss.

Martinez's counsel requested one continuance. The lengthy period of time between court settings appears to be due to the trial court's docket; therefore, we do not presume a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay. *See id.* However, the fact that the State filed two complaints, and chose to dismiss both complaints and re-file another case against Martinez is relevant to the delay analysis. The State's first dismissal stated there was an "apparent mistake of fact." The second dismissal was due to the State telling Martinez's counsel that he could not prove the allegations. The difference between the two complaints was merely the

addition of the complainant's address. The State's dismissal and re-filing of complaints led to the delay in this case. *See State v. Lopez*, 563 S.W.3d 409, 423 (Tex. App.—San Antonio 2018, pet. ref'd) (stating that the trial court could make reasonable inferences when the State kept the defendant incarcerated while deciding what charge to pursue). Therefore, we find that the State's actions could have prejudiced the defense and did not offer a valid reason for the delay. *See id.* This factor weighs heavily in favor of finding a violation of speedy trial. *See id.*

### 3. Martinez's Assertion of the Right

The third *Barker* factor—the defendant's assertion of his right to a speedy trial—is entitled to strong evidentiary weight in determining whether the defendant has been deprived of that right. *Balderas*, 517 S.W.3d at 771. A defendant's lack of a timely demand for a speedy trial indicates strongly that he did not really want one and instead, sought the benefit of a dismissal. *Id.* The longer the delay becomes, the more likely a defendant who wished a speedy trial occurred would "take some action to obtain it." *Dragoo*, 96 S.W.3d at 314. However, whether and how a defendant asserts his speedy trial right is closely related to the other three factors because the strength of his efforts will be shaped by them. *Zamorano*, 84 S.W.3d at 651.

In some cases, a defendant would request a dismissal based on a speedy trial violation; this case is different. Here, the State requested the dismissal; Martinez only asked that it be with prejudice. Martinez was responsible for one continuance. Although the trial court's docket seemed to be partially responsible for the delay between the filing of the complaint and a trial date, the real delay between the date of Martinez's

7

first arrest was the State filing and dismissing multiple complaints. The State indicated in asking for the second motion to dismiss that it intended to dismiss and file a third complaint against Martinez for the same 2015 theft allegation. Although Martinez did not assert his right to a speedy trial before asking for a dismissal, this situation is unusual. Martinez asked the trial court to grant the motion to dismiss with prejudice, so the State could not continue to dismiss and re-file the complaint. Therefore, this factor weighs slightly against the finding of a violation of speedy trial. *See id.*

### 4. Prejudice to Martinez Resulting from the Delay

The fourth *Barker* factor focuses on prejudice to the defendant because of the length of delay. *Balderas*, 517 S.W.3d at 772. To analyze prejudice, we consider three interests of defendants that the Speedy Trial Clause was designed to protect: (1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern for the accused; and (3) limiting the possibility that the defense will be impaired. *Id.* (citing *Gonzales*, 435 S.W.3d at 812). The last interest is the most important because the fairness of the criminal justice system is distorted when a defendant is unable to adequately prepare his defense. *Id.* A defendant has the burden to make some showing of prejudice, but a showing of actual prejudice is not required. *Id.* Excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or identify. *Id.*

Although arrested multiple times stemming from this incident, Martinez was out on bond as he awaited trial on both complaints. Martinez's trial counsel was sworn in and described how re-filing would prejudice his client. The theft arose from a party which

8

occurred in December 2015. Defendant, although out on bond, was required to report to court every setting. Once the first complaint was dismissed, Martinez was arrested a second time based on the second complaint and was processed by the jail. The State notified Martinez's counsel that it intended to do the same thing a third time. Martinez's counsel explained Martinez had a job that he kept having to miss to attend court settings; each time the State dismissed and re-filed, the requirement to attend started over again. The trial court included this scenario in its findings stating, "Defendant would further suffer harm as a result of multiple arrests and further proceedings." Additionally, a trial setting in late 2018 was almost three years since the alleged theft occurred. A delay of that magnitude could prejudice Martinez's defense. Since the State did not challenge Martinez's counsel's testimony, it can be considered "some evidence" that the Supreme Court considers under the prejudice prong of *Barker*. *Zamorano*, 84 S.W.3d at 654. Although there was not substantial testimony regarding this factor, there was enough evidence to determine it weighs in favor of the speedy trial violation.

### 5. Balancing Test

Having addressed the four *Barker* factors, we must now balance them. *See id*. at 773. "Courts must apply the *Barker* balancing test with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed." *Cantu v. State*, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008). Weighing in favor of finding a violation of Martinez's speedy trial are the length, reasons, and prejudice for the delay. *See Balderas*, 517 S.W.3d at 773. Weighing slightly against the finding of a violation of

9

speedy trial is Martinez's request for a dismissal with prejudice. Because the State's negligence caused a delay of over twenty-one months with the filing, refiling, and dismissal of multiple complaints and it did not rebut, explain, or minimize the presumption of prejudice, Martinez is entitled to relief. *See Zamorano*, 84 S.W.3d at 655. Even if Martinez's actual prejudice was minimal, "condoning, prolonged and justifiable delays in prosecution would both penalize many defendants for the state's fault and simply encourage the government to gamble with the interests of criminal suspects assigned a low prosecutorial priority." *Id.* Based on the facts of this case, we hold that the overall weight of the four factors, balanced together, demonstrate a speedy trial violation. We overrule the State's first and fifth issue.

## III. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
22nd day of August, 2019.

10